# EXHIBIT "B"

1  ROSA VIGIL-GALLENBERG (SBN 251872)
   RAYMOND A. GALLENBERG (SBN 239484)
2  BRIDGET HOWZE (SBN 237413)
   GALLENBERG PC
3  800 S Victory Blvd., Suite 203
   Burbank CA 91502
4  Telephone:  (818) 237-5267
   Facsimile:   (818) 330-5266
5  E-mail: rosa@gallenberglaw.com
   E-mail: ray@gallenberglaw.com
6

7  Attorneys for Plaintiffs and all similarly-situated
   and/or aggrieved current or former employees.
8

**FILED**
Superior Court of California
County of Los Angeles

**DEC 01 2017**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
         Shaumya Bolden

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| JESUS GARCIA MUNIZ, individually, and on behalf of all others similarly situated and aggrieved employees,<br><br>                    Plaintiffs,<br><br>v.<br><br>UTILIQUEST, LLC, a limited liability company, and DOES 1-100, inclusive,<br><br>                    Defendant. | Case No. ____**BC 6 8 5 1 6 0**____<br><br>CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR:<br><br>1) Failure to Pay Minimum Wage in Violation of California Law (Labor Code §§ 1194, 1197 and IWC Wage Order No 4-2001);<br><br>2) Failure to Pay Overtime Wages in Violation of California Law (Labor Code §§ 510, 1194, 1195, and IWC Wage Order No. 4-2001);<br><br>3) Failure to Authorize and Permit Meal Periods (Labor Code §§ 226.7, 512, and IWC Wage Order 4-2001)<br><br>4) Failure to Authorize and Permit Rest Breaks (Labor Code § 226.7, IWC Wage Order 4-2001);<br><br>5) Failure to Provide Accurate Itemized Wage Statements in Violation of California Law (Labor Code §§ 226, 1174);<br><br>6) Failure to Reimburse Business Expenses (Labor Code § 2802)<br><br>7) Violation of California Labor Code Private Attorneys General Act of 2004 (PAGA) (Labor Code §§ 2698 *et seq.*)<br><br>**Jury Trial Demanded** |

1

CIT/CASE:    BC685160
LEA/DEF#:

RECEIPT #: CCH46598OO77
DATE PAID: 12/01/17    11:36 AM
PAYMENT: $1,000.00    310
RECEIVED:

CHECK:                    $0.00
CASH:                     $0.00
CHANGE:                   $0.00
CARD:                 $1,000.00

CIT/CASE:    BC685160
LEA/DEF#:

RECEIPT #: CCH46598OO76
DATE PAID: 12/01/17    11:36 AM
PAYMENT: $435.00    310
RECEIVED:

CHECK:                    $0.00
CASH:                     $0.00
CHANGE:                   $0.00
CARD:                   $435.00

1    Plaintiff Jesus Garcia-Muniz, on behalf of himself and others similarly situated and

2    aggrieved, makes the following allegations against Defendant, Utiliquest, LLC, based on facts that

3    either have evidentiary support, or are likely to have evidentiary support after a reasonable

4    opportunity for further investigation and discovery:

5    **I.      NATURE OF ACTION AND INTRODUCTORY STATEMENT**

6        1.      Plaintiff Jesus Garcia-Muniz brings this representative and class action against

7    Defendant Utiliquest, LLC ("Utiliquest") for engaging in systematic violations of wage and hour

8    and California Labor Code laws.  Defendant has failed to pay Plaintiff and other current and

9    former non-exempt, aggrieved employees in California minimum and overtime wages in

10   violation of the California Labor Code and Industrial Welfare Commission Wage Orders (the

11   "IWC Wage Orders").  In addition, Defendant has failed to provide Plaintiff and other current

12   and former non-exempt, aggrieved employees in California with proper and accurate wage

13   statements, failed to authorize and/or permit Plaintiff and other current and former non-exempt,

14   aggrieved employees in California to take their mandatory uninterrupted meal and rest breaks,

15   and failed to reimburse employees for all business expenses, in violation of the California Labor

16   Code.

17       2.      On behalf of other current and former non-exempt, aggrieved employees who are

18   or were employed by Defendant in California, Plaintiff asserts claims for failure to pay minimum

19   and overtime wages, failure to provide proper wage statements, failure to authorize or permit

20   mandatory meal periods and rest breaks, and failure to reimburse for business-related expenses,

21   as a class action pursuant to Section 382 of the California Code of Civil Procedure.  As an

22   aggrieved employee, Plaintiff also brings this representative action under the California Labor

23   Code Private Attorneys General Act of 2004 ("PAGA") to asserts claims for the Labor Code

24   violations alleged herein, seeking all available civil penalties, including all unpaid and underpaid

25   wages, on behalf of himself and all other current and former aggrieved employees.

26   **II.     THE PARTIES**

27       3.      Plaintiff Jesus Garcia-Muniz is an individual who resides in Los Angeles County,

28   California, and who was employed by Utiliquest as field technician from in or around September

2

1    2007 to in or around January 2017.

2        4.    On information and belief, Defendant Utiliquest is a Georgia limited liability

3    company, which maintains its headquarters and principal place of business in Alpharetta,

4    Georgia, and serves clients in eighteen states, including California, and in the District of

5    Columbia.  On information and belief, Utiliquest is a provider of damage prevention and

6    infrastructure related services, specializing in underground facility locating serving the

7    telecommunications, gas, and electric industries.

8        5.    The defendants identified as Does 1 through 100, inclusive, are and were, at all

9    times relevant to this Complaint, members, officers, directors, partners, and/or managing agents

10   of some or each of the other defendants.  Plaintiff is informed and believes and, on that basis,

11   alleges that at all times herein mentioned, Defendant Utiliquest and Does 1 through 100,

12   inclusive, employed and/or exercised control over the wages, hours, expense reimbursements,

13   and/or working conditions of the Plaintiff, the members of the putative class, and the other

14   aggrieved employees, in California, including in Los Angeles County.

15       6.    Plaintiff is unaware of the true names and capacities of those defendants sued

16   herein as Does 1-50, inclusive and, therefore, sue these Defendants by such fictitious names.

17   Plaintiff will seek leave of court to amend this Complaint when such names are ascertained.

18   Plaintiff is informed and believes and, on that basis alleges, that each of the fictitiously-named

19   Defendants was responsible in some manner for, consented, ratified, and/or authorized the

20   conduct herein alleged and that the damages alleged herein were proximately caused thereby.

21   **III.    JURISDICTION AND VENUE**

22       7.    The Court has jurisdiction over all causes of action asserted herein pursuant to the

23   California Constitution, Article IV, § 10, which grants the Superior Court original jurisdiction in

24   all cases except those given to other trial courts.  Plaintiff seeks damages in this case in an

25   amount exceeding the jurisdictional minimum of this Court.

26       8.    Venue in the Superior Court of Los Angeles is proper under California Code of

27   Civil Procedure Section 395.5 because Defendant's unlawful conduct occurred, in part, in this

28   County, Defendant conducts substantial business in this County, a substantial part of the

3

*Plaintiff's Class Action & Representative Action
Complaint*

*Jesus Garcia-Muniz v Utiliquest, LLC*

1  transactions at issue took place in this County, and Defendant's liability, in part, arose in this

2  County.

3  **IV.    CLASS AND REPRESENTATIVE ACTION ALLEGATIONS**

4        9.    At all relevant times, including the last four years, Plaintiff and all other current

5  and former non-exempt, aggrieved employees of Defendant in California have been similarly

6  situated in that they have not been paid overtime and/or minimum wages for all hours worked in

7  excess of 40 hours per week and/or worked.  At all relevant times, Plaintiff and other current and

8  former non-exempt, aggrieved employees of Defendant in California have been subjected to

9  Defendant's common practices, policies, programs, procedures and plans, and *de facto* policies

10  and practices, which have resulted in the willful failure by Defendant to pay overtime and

11  minimum wages in violation of California law.

12        10.    Plaintiff brings his claims on behalf of himself and all other similarly-situated

13  current and former non-exempt, aggrieved employees of Defendant who worked in California

14  (collectively, the "Class"), as a class action pursuant to Section 382 of the California Code of

15  Civil Procedure.  The Class is defined as:

16        **The Class**:  All persons, who at any time since the date four years before the filing of the

17        Complaint through the entry of final judgment in this action ("Relevant Time Period"),

18        were employed by Defendant anywhere in California as non-exempt employees performing

19        utility line locating services, including but not limited to all Field Technicians, Technicians

20        and any other employees who used a company-owned vehicle to commute to/from their

21        work site.

22        11.    Plaintiff's claims are brought and may be maintained as a class under Section 382

23  of the California Code of Civil Procedure.

24        a.    **Ascertainability & Numerosity**:  Although the names and addresses of the

25              other current and former non-exempt, aggrieved employees of Defendant in

26              California are not yet known to Plaintiff, they are readily ascertainable from

27              the records maintained by Defendant and, on information and belief, number

28              in the hundreds.

4

b. **Typicality**: Plaintiff is a member of the putative Class and has the same claims and damages, and seeks the same relief as Defendant's other current and former non-exempt, aggrieved employees in California. Thus, his claims are typical of the putative (and representative) Class.

c. **Commonality**: There are common questions of law or fact that predominate over individual issues, which can be proved, in part, based on Defendant's policies and practices, including *de facto* policies and practices. These common questions include, but are not limited to:

    i. Whether Defendant failed to pay all minimum and overtime wages at the legally required and applicable rate of pay for each hour worked and for each overtime hour worked;

    ii. Whether Defendant unlawfully failed to compensate Class members for time spent during mandatory commutes to and from their homes, during which time the putative Class members were suffered or permitted to work and/or were subject to Defendant's control;

    iii. Whether Defendant maintained a policy and practice of failing to authorize and/or permit an uninterrupted 30-minute meal period for each five hours worked and/or 10-minute rest break for each four hours worked;

    iv. Whether Defendant knowingly and intentionally failed to provide to putative Class members and maintain accurate itemized wage statements, itemizing the correct gross and net wages earned, the correct rate of pay for the correct hours worked at each rate of pay, among other things required by Labor Code § 226;

    v. Whether Defendant maintained a policy and practice of failing to reimburse putative Class members for all business-related expenses;

    vi. The proper measure of damages, restitution, interest, and penalties owed to Plaintiff and the putative Class members and aggrieved

5

*Plaintiff's Class Action & Representative Action Complaint*

*Jesus Garcia-Muniz v Utiliquest, LLC*

1    employees.

2    d. **Adequacy**:  Plaintiff and his counsel will adequately and fairly represent the

3    putative class because their interests are not adverse to Defendant's other

4    current and former non-exempt, aggrieved employees in California, and

5    Plaintiff's counsel are experienced in class and representative action litigation.

6    e. **Superiority**:  The expense and burden of individual litigation by each

7    member of the putative class makes or make it impractical for putative Class

8    members to seek redress individually for the wrongful conduct alleged herein.

9    Should separate actions be brought, or be required to be brought, by each

10    putative class member, the resulting multiplicity of lawsuits would cause

11    undue hardship and expense for the Court and the litigants.  The prosecution

12    of separate actions would also create a risk of inconsistent rulings, which

13    might be dispositive of the interests of other putative class members who are

14    parties to the adjudication and/or may substantially impeded their ability to

15    adequately protect their interests.

16    **V.    FACTUAL ALLEGATIONS**

17    12.    Plaintiff and the putative Class members and aggrieved employees were field

18    technicians or employees with similar job duties, who were required to perform utility

19    maintenance service in a company-owned vehicle, in which they were also required to commute

20    to and from their homes.  They were non-exempt employees who were purportedly paid an

21    hourly rate of pay for work performed.

22    13.    Plaintiff and the putative Class members and aggrieved employees were provided

23    company-owned vehicles emblazoned with the Defendant's logo and contact information.

24    Plaintiff and the putative Class members and aggrieved employees were required, as a matter of

25    policy and practice, including *de facto* policies and practices, to use these company-owned

26    vehicles to travel from their homes to their first job site of the day and to travel from their final

27    job site of the day to their homes at the end of each work day.

28    14.    Plaintiff also seeks to bring this case as a representative action for the recovery of

6

1   penalties under PAGA, California Labor Code Section 2698, *et seq.* PAGA permits an

2   "aggrieved employee" to bring a lawsuit on behalf of himself or herself and other current and

3   former employees to address an employer's violations of the California Labor Code.

4         **A.    Unpaid Commute Time In Company-Owned Vehicles**

5         15.    The vehicles that Plaintiff and the putative Class members and aggrieved

6   employees are/were required to use and commute in constitute a place of work and their use

7   benefits Defendant as these vehicles are also used to store and transport tools and equipment, and

8   are constantly monitored by Defendant through an onboard GPS, computer, and camera. At all

9   times, Defendant maintained strict control over these company-owned vehicles and continually

10  monitored their speed and location, including during Plaintiff's and the putative Class members'

11  and aggrieved employees' purported "off-the-clock" commute time. Among other things,

12  Defendant's express policies prohibited anyone other than the employee from driving the

13  company-owned vehicle and stated that employees were not allowed to carry any passengers in

14  their company-owned vehicles, including expressly, family members and persons not related to

15  company business, or to transport any non-company cargo. Further, while Plaintiff and the

16  putative Class members and aggrieved employees commuted in the company-owned vehicles,

17  they were suffered and/or permitted to work and remained under Defendant's control, including,

18  but not limited to, being subject to discipline, including termination, based on their conduct

19  during their uncompensated commute time. Nonetheless, Plaintiff and the putative Class

20  members and aggrieved employees were prohibited, under Defendant's explicit policies from

21  recording or otherwise requesting compensation for any time spent driving such vehicles from

22  home to their first job site or from their final job site to their home.

23        16.    Under Defendant's policies, including *de facto* policies, use of these vehicles,

24  including in commuting to and from home, was required to be successful and/or advance with

25  the company and was, thus, mandatory/required. This is further evidenced by Defendant's use,

26  on information and belief, of the Internal Revenue Service's special valuation rule for

27  commuting vehicles, which is only allowed where the commute is mandatory and which required

28  Plaintiff and the putative Class members and aggrieved employees to reimburse Defendant for

7

*Plaintiff's Class Action & Representative Action Complaint*            *Jesus Garcia-Muniz v Utiliquest, LLC*

1  such use.  According to the relevant IRS Publication 15-B, the commuting rule that, on

2  information and belief, Defendant employed, may only be employed, when, among other things,

3  the employer "require[s] the employee to commute in the vehicle," and a written policy is

4  established prohibiting the use of the vehicle for personal purposes.

5          17.      Plaintiff and the putative Class members and aggrieved employees were not paid

6  for any of the time spent mandatorily commuting in company-owned cars, during which time

7  they were suffered or permitted to work and remained under Defendant's strict control.  Thus,

8  Plaintiff and the putative Class and aggrieved employees were not paid minimum or overtime

9  wages for this time.

10         18.      Plaintiff estimates that that he spent an average of 10 hours per week mandatorily

11  commuting in a company-owned vehicle, during which time he was suffered or permitted to

12  work and remained under Defendant's control, but for which time he was not paid overtime or

13  minimum wage.  Further, on information and belief, because Defendant constantly monitors the

14  GPS records of its company-owned vehicles, records showing the commute time of Plaintiff and

15  the putative Class member and aggrieved employees are in Defendant's possession, custody,

16  and/or control, making Plaintiff's and the putative Class members' and aggrieved employees'

17  commute times readily ascertainable and verifiable.

18      **B.**      **Forced Missed Meal and Rest Periods**

19         19.      Defendant's policies and practices, including *de facto* policies and practices, not

20  only did not authorize or permit Plaintiff and the putative Class members and aggrieved

21  employees from taking their mandatory 30-minute uninterrupted meal periods, but in fact

22  coerced, discouraged, and created incentives for Plaintiff and the putative Class members and

23  aggrieved employees not to do so, because Defendant's practice of scheduling work assignments,

24  and its own directives to Plaintiff and the putative Class members and aggrieved employees, did

25  not permit such uninterrupted, off-duty meal breaks.  Nonetheless, on information and belief,

26  Defendant's record keeping technology would record that Plaintiff and the putative Class

27  members and aggrieved employees took such meal breaks.  Indeed, on information and belief, if

28  Plaintiff or a putative Class member did not manually enter a 30-minute lunch period,

8

*Plaintiff's Class Action & Representative Action
Complaint*

*Jesus Garcia-Muniz v Utiliquest, LLC*

1  Defendant's time management/tracking system would automatically enter such a break during a

2  30-minute block where the employee's on-board computer showed no computer use.

3       20.    Defendant's policies and practices, including *de facto* policies and practices, not

4  only did not authorize or permit Plaintiff and the putative Class members and aggrieved

5  employees from taking their mandatory 10-minute rest breaks, but in fact coerced, discouraged,

6  and created incentives for Plaintiff and the putative Class members and aggrieved employees not

7  to do so, because Defendant's practice of scheduling work assignments, and its own directives to

8  Plaintiff and the putative Class members and aggrieved employees, did not permit such rest

9  breaks.

10       21.    Defendant denied Plaintiff and the putative Class their meal and rest breaks

11  through directives that they not take breaks, the imposition of a work schedule that did not

12  permit meal and rest breaks, and work demands that did not permit meal and rest breaks.  For

13  example, Plaintiff and the putative Class members and aggrieved employees were instructed not

14  to take their breaks in the middle of a work assignment or during an uncompleted project.

15  Therefore, to the extent a break was taken at all, it would generally be taken while driving to or

16  planning the route to the next work site.  Breaks were also interrupted by Defendant's practice of

17  transmitting calls and assignments to Plaintiff and the putative Class members and aggrieved

18  employees by phone or over their on-board work computer during supposed break periods.

19  Thus, Defendant's policies and practices limited break periods to those times that Plaintiff and

20  the putative Class members and aggrieved employees were driving to the next job and even

21  during that time, in addition to driving, Plaintiff's and the putative Class members' and

22  aggrieved employees' breaks were further interrupted by calls and messages from Defendant.

23      **C.**    **Failure to Provide Accurate Wage Statements**

24       22.    Defendant also failed to provide Plaintiff and the putative Class members and

25  aggrieved employees with accurate wage statements, as required by the California Labor Code.

26       23.    Throughout the Relevant Time Period, it was Defendant's policy and practice to

27  provide wage statements that did not accurately state all hours worked by Plaintiff and the

28  putative Class members and aggrieved employees on the face of the wage statements.  Among

9

1    other things, the wage statements provided by Defendant failed to state the total hours worked,

2    including during Plaintiff's and the putative Class members' and aggrieved employees' commute

3    time in company-owned vehicles, as explained above, and failed to accurate reflect all overtime

4    actually worked.  Thus, the wage statements provided by Defendant did not accurately state the

5    correct gross and net wages due or the correct total number of hours worked.

6        **D.**    **<u>Failure to Provide Business-Related Expense Reimbursements</u>**

7        24.    Defendant also violated California Labor Code Section 2802 by maintaining a

8    policy and practice of failing to reimburse Plaintiff and the putative Class members and

9    aggrieved employees for business-related expenses they incurred in the performance of their job

10    duties, including, but not limited to, cost associated with the mandatory maintenance and/or

11    cleanliness of the company-owned vehicles and to the provision of water, which should have

12    been provided by Defendant free of charge.  *See* Cal. Code Regs. tit. 8, §§ 3363, 3395 (Lexis

13    Advance through Register 2016, No. 53, December 30, 2016).

14        25.    Indeed, Defendant's express written policy states, among other things, that the

15    employee "is responsible for the cleanliness and proper physical appearance of the assigned

16    vehicle, inside and outside," with no mention whatsoever of reimbursing employees for these

17    business-related expenses, nor did Defendant reimburse Plaintiff and the putative Class members

18    and aggrieved employees for such business-related expenses.

19        **E.**    **<u>Plaintiff Exhausted His Administrative Remedies & Pre-Filing Requirements</u>**

20        26.    Plaintiff has exhausted his administrative remedies and all pre-filing requirements

21    under the California Labor Code, including Section 2699.3.  Plaintiff gave written notice to the

22    California Labor & Workforce Development Agency, as well as to Defendant, of the specific

23    provisions of the Labor Code alleged to have been violated, including the facts and theories to

24    support the alleged violations.  Indeed, Plaintiff provided a draft complaint that is substantively

25    substantially identical to this Complaint. The time for the California Labor & Workforce

26    Development Agency to respond to the written notice has elapsed and this case is timely filed.

27

28

10

*Plaintiff's Class Action & Representative Action
Complaint*                                *Jesus Garcia-Muniz v Utiliquest, LLC*

# VI.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED
**(In Violation of Cal. Labor Code §§ 1194, 1197 and IWC Wage Order No 4-2001)**

27.    Plaintiff incorporates by reference the allegations of each of the foregoing paragraphs as though fully set forth herein except where to do so would conflict with this cause of action.

28.    IWC Wage Order 4-2001 and California Labor Code Sections 1194 and 1197 require employers to pay employees at least minimum wage for all hours worked.

29.    California Labor Code Section 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

30.    The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code Section 1194(a).

31.    As described, in California Labor Code Sections 1185 and 1194.2, any such action incorporates the applicable IWC Order.  Sections 1182.11 and 1182.12 discuss the minimum wage.

32.    California Labor Code Section 1194.2 also provides for the following remedies:

> In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

33.    Under California law, an employer is required to pay an employee the minimum wage for every hour worked.  California minimum wage law forbids averaging wages over the course of the pay period to determine minimum wage compliance.  Instead, an employer must pay the minimum wage for each hour worked, and the fact that an employee's total compensation for a pay period exceeds the minimum wage does not satisfy the employer's statutory burden.

34.    At all times relevant herein, Defendant had a policy and practice of failing to pay Plaintiff and the putative Class members and aggrieved employees for all hours they worked that

11

*Plaintiff's Class Action & Representative Action Complaint*                                    *Jesus Garcia-Muniz v Utiliquest, LLC*

1    qualified as compensable under California law, including, but not limited to, time Plaintiff and

2    the putative Class members and aggrieved employees spent commuting in company-owned

3    vehicles, while being suffered or permitted to work and/or being under or subject to Defendant's

4    control.

5        35.    In addition, Plaintiff and putative Class members and aggrieved employees

6    worked during their meal and rest periods. Thus, Defendant's policies and practices of requiring

7    such work resulted in the nonpayment of minimum wages for the time worked in that hour by

8    Plaintiff and the putative Class members and aggrieved employees.

9        36.    By refusing and failing to pay Plaintiff and the putative Class members and

10    aggrieved employees for all compensable time they worked, Defendant failed not only to pay

11    them the agreed-on rate but also failed to pay them at least the minimum wage for all hours

12    worked.

13        37.    Defendant's acts and omissions as alleged herein were willful, in bad faith, and

14    without reasonable grounds for believing that the acts or omissions were not a violation of state

15    law.

16        38.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

17    herein, Plaintiff and putative Class members and aggrieved employees have sustained damages,

18    including lost wages, in an amount to be determined at trial.

19        39.    Consequently, in addition to recovering the unpaid wages, Plaintiff and the

20    putative Class members and aggrieved employees are entitled to recover interest and liquidated

21    damages thereon, reasonable attorneys' fees and costs, pursuant to Labor Code sections 1194(a)

22    and 1194.2(a).

23        **SECOND CAUSE OF ACTION**
          **UNLAWFUL FAILURE TO PAY OVERTIME WAGES**

24    **(In Violation of Cal. Labor Code §§ 510, 1194, 1195, and IWC Wage Order No. 4-2001)**

25        40.    Plaintiff incorporates by reference the allegations of each of the foregoing

26    paragraphs as though fully set forth herein except where to do so would conflict with this cause

27    of action.

28        41.    During the Relevant Time Period, Plaintiff and the putative Class members and

12

*Plaintiff's Class Action & Representative Action Complaint*            *Jesus Garcia-Muniz v Utiliquest, LLC*

1  aggrieved employees worked, on many occasions, in excess of 8 hours in a workday and/or 40

2  hours in a workweek.  The precise number of overtime hours will be proven at trial.  Despite the

3  hours worked by the Plaintiff and the putative Class members and aggrieved employees,

4  Defendant willfully, in bad faith, and in knowing violation of the California Labor Code, failed

5  and refused to compensate Plaintiff and the putative Class members and aggrieved employees for

6  all of the overtime wages earned.

7       42.    At all relevant times, Defendant was aware of, and under a duty to comply with,

8  the overtime provisions of the California Labor Code including, but not limited to, California

9  Labor Sections 510, 1194, and 1198.

10      43.    California Labor Code Section 510, in pertinent part, provides:

11          Any work in excess of eight hours in one workday and any work in
            excess of 40 hours in any one workweek and the first eight hours worked
12          on the seventh day of work in any one workweek shall be compensated
            at the rate of no less than one and one-half times the regular rate of pay
13          for an employee.

14      44.    California Labor Code Section 1194, in pertinent art, provides:

15          Notwithstanding any agreement to work for a lesser wage, any employee
            receiving less than the legal minimum wage or the legal overtime
16          compensation applicable to the employee is entitled to recover in a civil
            action the unpaid balance of the full amount of this minimum wage or
17          overtime compensation, including interest thereon, reasonable attorneys'
            fees, and costs of suit.
18

19      45.    California Labor Code Section 1198, in pertinent part, provides:

20          [t]he maximum hours of work and the standard conditions of labor fixed
            by the commission shall be the maximum hours of work and the standard
21          conditions of labor for employees.  The employment of any employee for
            longer hours than those fixed by the order or under conditions of labor
22          prohibited by the order is unlawful.

23      46.    IWC Wage Order No. 4 applies (or applied) to Plaintiff and all other putative

24  Class members and aggrieved employees.  At all times relevant herein, IWC Wage Order No. 4

25  has provided in pertinent part:

26          (a) an employee who works more than forty hours in a week must
            receive overtime compensation at the rate of one and one-half times his
27          or her regular hourly rate for each overtime hour worked; and (b) an
            employee who works more than eight hours in a day must receive
28          overtime compensation at the rate of one and one-half times his or her

                                    13

1  regular hourly rate for hours worked in excess of eight hours per day and
2  at a rate of two times his or her hourly rate for hours worked in excess of
   twelve hours per day.

3  47.    During the Relevant Time Period, Defendant refused to compensate Plaintiff and

4  the putative Class members and aggrieved employees for all of the overtime wages earned, in

5  violation of the applicable IWC Wage Order and provisions of the California Labor Code.

6  48.    By refusing to compensate Plaintiff and the putative Class members and

7  aggrieved employees for overtime wages earned, Defendant violated those California Labor

8  Code provisions cited herein as well as the applicable IWC Wage Order.

9  49.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

10  herein, Plaintiff and the putative Class members and aggrieved employees have sustained

11  damages, including loss of earnings for hours of overtime worked on behalf of Defendant, in an

12  amount to be established at trial, and are entitled to recover their unpaid overtime and double

13  time compensation, including interest thereon, pursuant to California Labor Code § 1194(a).

14  Plaintiff and the putative Class members and aggrieved employees are also entitled to recover

15  reasonable attorneys' fees and costs, pursuant to California Labor Code § 1194(a).

16  **THIRD CAUSE OF ACTION**
   **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS**
17  **(In Violation of Cal. Labor Code §§ 226.7, 512, and IWC Wage Order No. 4-2001)**

18  50.    Plaintiff incorporates by reference the allegations of each of the foregoing

19  paragraphs as though fully set forth herein except where to do so would conflict with this cause

20  of action.

21  51.    On information and belief, at all relevant times, Defendant was aware of, and

22  under a duty to comply with, California Labor Code Sections 226.7 and 512.

23  52.    California Labor Code Section 226.7 provides:

24  (a) No employer shall require any employee to work during any meal or
25  rest period mandated by an applicable order of the Industrial Welfare
   Commission.

26  (b) If an employer fails to provide an employee a meal period or rest
   period in accordance with an applicable order of the Industrial Welfare
27  Commission, the employer shall pay the employee one additional hour of
   pay at the employee's regular rate of compensation for each work day
28

14

*Plaintiff's Class Action & Representative Action Complaint*          *Jesus Garcia-Muniz v Utiliquest, LLC*

1    that the meal or rest period is not provided.

2    53.   Moreover, California Labor Code Section 512 provides:

3          An employer may not employ an employee for a work period of more
          than five hours per day without providing the employee with a meal
4          period of not less than 30 minutes, except that if the total work period
          per day of the employee is no more than six hours, the meal period may
5          be waived by mutual consent of both the employer and employee.  An
          employer may not employ an employee for a work period of more than
6          10 hours per day without providing the employee with a second meal
7          period of not less than 30 minutes, except that if the total hours worked
          is no more than 12 hours, the second meal period may be waived by
8          mutual consent of the employer and the employee only if the first meal
          period was not waived.
9

10   54.   Section 11 and 12, respectively of IWC Wage Order 4 mandates that the employer

11   provide all applicable meal periods to non-exempt employees.

12   55.   Section 11 of the applicable IWC Wage Oder provides in pertinent part:

13         No employer shall employ any person for a work period of more than
          five (5) hours without a meal period of not less than 30 minutes …
14         Unless the employee is relieved of all duty during a 30 minute meal
          period, the meal period shall be considered an "on duty" meal period and
15         counted as time worked.

16         If an employer fails to provide an employee a meal period in accordance
          with the applicable provisions of this order, the employer shall the
17         employee one (1) hour of pay at the employee's regular rate of
          compensation for each workday that the meal period is not provided.

18   56.   Plaintiff and the putative Class members and aggrieved employees consistently

19   worked eight hours or more per day, but were not provided an uninterrupted thirty-minute meal

20   period within the first five hours of work each day.

21   57.   By failing to consistently provide Plaintiff and the putative Class members and

22   aggrieved employees an uninterrupted thirty-minute meal period within the first five hours of

23   work each day, Defendant violated the California Labor Code and applicable IWC Wage Order

24   provisions.

25   58.   As a direct and proximate result of Defendant's unlawful conduct, as set forth

26   herein, Plaintiff and the putative Class members and aggrieved employees have sustained

27   damages, including loss of compensation resulting from missed meal periods, in an amount to be

28

15

1  established at trial.

## FOUTH CAUSE OF ACTION
### FAILURE TO AUTHORIZE OR PERMIT REST BREAKS
### (In Violation of Cal. Labor Code §§ 226.7, and IWC Wage Order No. 4-2001)

59.    Plaintiff incorporates by reference the allegations of each of the foregoing paragraphs as though fully set forth herein except where to do so would conflict with this cause of action.

60.    On information and belief, at all relevant times, Defendant was aware of, and under a duty to comply with, California Labor Code Section 226.7 and Section 12 of Wage Order 4-2001.

61.    At all times herein relevant, California Labor Code Section 226.7 has applied and continues to apply to Plaintiff's and the putative Class members' and aggrieved employees' employment with Defendant.  California Labor Code Section 226.7 states "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

62.    Section 12 of Wage Order No. 4-2001 provides in relevant part that:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

63.    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

64.    Defendant did not promulgate a compliant rest break policy, or direct Plaintiff and the putative Class members and aggrieved employees that they were authorized to take rest breaks.  Rather, as described above, Defendant did not authorize or permit Plaintiff and the putative Class members and aggrieved employees to take rest breaks.  Plaintiff and the putative

16

1    Class members and aggrieved employees regularly worked a full work day but were denied a rest

2    period every four hours or major fraction thereof.

3         65.    Defendant failed to authorize and permit Plaintiff and the putative Class members

4    and aggrieved employees to take adequate rest periods as required by law.  Plaintiff and the

5    putative Class members and aggrieved employees are therefore entitled to payment of additional

6    wages as provided by law.

7                          **FIFTH CAUSE OF ACTION**
     **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
8                  **(In Violation of Cal. Labor Code §§ 226, 1174)**

9         66.    Plaintiff incorporates by reference the allegations of each of the foregoing

10   paragraphs as though fully set forth herein except where to do so would conflict with this cause

11   of action.

12        67.    California Labor Code Section 226(a) provides:

13             Each employer shall semimonthly, or at the time of each payment of
               wages, furnish each of his or her employees either as a detachable part of
14             the check, draft or voucher paying the employee's wages, or separately
               when wages are paid by personal check or cash, an itemized wage
15             statement in writing showing: (1) gross wages earned; (2) total number
               of hours worked by each employee whose compensation is based on an
16             hourly wage; (3) all deductions provided that all deductions made on
               written orders of the employee may be aggregated and shown as one
17             item; (4) net wages earned; (5) the inclusive date of the period for which
               the employees is paid; (6) the name of the employee and his or her social
18             security number; and (7) the name and address of the legal entity which
               is the employer.
19

20        68.    Moreover, California Labor Code Section 226(e) provides:

21             An employee suffering injury as a result of a knowing and intentional
               failure by an employer to comply with subdivision (a) is entitled to
22             recover the greater of all actual damages or fifty dollars ($50) for the
               initial pay period in which a violation occurs and one hundred dollars
23             ($100) per employee for each violation in a subsequent pay period not
               exceeding an aggregate penalty of four thousand dollars ($4,000) and is
24             entitled to an award of costs and reasonable attorney's fees.

25        69.    Furthermore, California Labor Code Section 1174 provides:

26             Every person employing labor in this state shall: (d) keep, at a central
               location in the state . . . payroll records showing the hours worked daily
27             by and the wages paid to . . . employees.  These records shall be kept in
               accordance with rules established for this purpose by the commission,
28

                                            17

1      but in any case shall be kept on file for not less than two years.

2      70.      The wage statements that Defendant provided to Plaintiff and the putative Class

3 members and aggrieved employees do not include all hours worked by Plaintiff and the putative

4 Class members and aggrieved employees.

5      71.      Defendant's failure to include all hours worked by Plaintiff and the putative Class

6 members and aggrieved employees on the wage statement violates Labor Code Section 226.

7      72.      Defendant also failed to accurately record meal periods as detailed above, to pay

8 meal period premium wages for missed meal periods, and to report those meal period premium

9 payments on Plaintiff's and the putative Class members' and aggrieved employees' wage

10 statements.

11      73.      As a consequence, Defendant knowingly and intentionally failed to provide

12 timely, accurate, itemized wage statements to the Plaintiff and the putative Class members and

13 aggrieved employees in accordance with Labor Code Section 226. Plaintiff is informed and

14 believe, and on that basis alleges, that none of the statements provided by Defendant accurately

15 reflect the actual gross wages earned, net wages earned, or the appropriate deductions of the

16 putative Class members.

17      74.      Defendant's failure to include on the wage statements all hours worked and the

18 meal period premium payments injured Plaintiff and the putative Class members and aggrieved

19 employees. For example, it deprived Plaintiff and the putative Class members and aggrieved

20 employees of the ability to determine whether they were being paid lawfully for the hours they

21 worked, calculate the extent of the underpayment, and promptly bring suit to recover their unpaid

22 wages. Further, because Defendant failed to provide this most basic and statutorily required

23 information, Plaintiff has had to research and find a lawyer to take his case and has been forced

24 to file this lawsuit, and will have to conduct discovery and reconstruct time records in order to

25 analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses, and spend

26 time and energy litigating this matter. Plaintiff would not have had to engage in these efforts and

27 incur these costs had Defendant provided Plaintiff and the putative Class members and aggrieved

28 employees with lawful wage statements.

18

75.    Defendant's failure to provide this most basic and statutorily required information further deprived Plaintiff and the putative Class members and aggrieved employees of the ability to determine if they were being denied minimum wages, since knowledge of one's total compensable time worked is necessary to calculate whether minimum wage payments have been made.

76.    As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiff and the putative Class members and aggrieved employees may recover the damages and penalties provided for under California Labor Code Section 226(e), plus interest thereon, reasonable attorneys' fees, and costs.  In addition, Plaintiff and the putative Class members and aggrieved employees are entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## SIXTH CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
### (In Violation of Cal. Labor Code § 2802)

77.    Plaintiff incorporates by reference the allegations of each of the foregoing paragraphs as though fully set forth herein except where to do so would conflict with this cause of action.

78.    At all times relevant herein, among other things, Defendant had a policy and practice of requiring Plaintiff and the putative Class members and aggrieved employees to ensure the maintenance and/or cleanliness of the company-owned vehicles.  Defendant's express written policy states, among other things, that the employee "is responsible for the cleanliness and proper physical appearance of the assigned vehicle, inside and outside," with no mention whatsoever of reimbursing employees for these business-related expenses, for which Plaintiff and the putative Class members and aggrieved employees were not reimbursed.

79.    Moreover, under California law, Defendant was required to provide potable drinking water to all of its employees, free of charge.  Cal. Code Regs. tit. 8, §§ 3363, 3395 (Lexis Advance through Register 2016, No. 53, December 30, 2016).  However, because Defendant did not provide the potable water it was required to provide to Plaintiff and the

19

1   putative Class members and aggrieved employees, Plaintiff and the putative Class members and

2   aggrieved employees were forced to pay for their own potable drinking water while working, and

3   were not reimbursed for these business-related expenses by Defendant.

4       80.    Thus, Plaintiff and the putative Class members and aggrieved employees made

5   necessary expenditures and incurred losses as a direct consequence of the discharge of their

6   duties and in obedience to the directions of Defendant, including, but not limited to, those costs

7   associated with mandatory maintenance and/or cleanliness services on company-owned vehicles

8   and related to the provision of potable drinking water.

9       81.    Labor Code § 2802 states that:

10          An employer shall indemnify his or her employee for all necessary
            expenditures or losses incurred by the employee in direct consequence of
11          the discharge of his or her duties [and that] For purposes of this section,
            the terms "necessary expenditures or losses" shall include all reasonable
12          costs, including, but not limited to, attorneys' fees incurred by the
            employee enforcing the rights granted by this section.
13

14      82.    Defendant's policies and practices violated and continue to violate California

15   Labor Code § 2802.  Plaintiff and the putative Class members and aggrieved employees are

16   therefore entitled to reimbursement for the expenses reasonably incurred in performing their job

17   duties, plus interest thereon (accruing from the date on which the employee incurred the

18   expense), reasonable attorneys' fees, and costs.

19      83.    As such, Plaintiff and California Class Members seek reimbursement for costs

20   incurred, interest thereon, interest, costs of suit and attorneys' fees pursuant to California Labor

21   Code § 2802.

22                          **SEVENTH CAUSE OF ACTION**
         **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT**
23              **(In Violation of Cal. Labor Code §§ 2698 *et seq.*)**

24      84.    Plaintiff incorporates by reference the allegations of each of the foregoing

25   paragraphs as though fully set forth herein except where to do so would conflict with this cause

26   of action.

27      85.    Plaintiff, as an "aggrieved employee," brings these claims under California Labor

28   Code sections 2698-2699 in a representative capacity on behalf of current and former employees

                                        20

*Plaintiff's Class Action & Representative Action*                    *Jesus Garcia-Muniz v Utiliquest, LLC*
*Complaint*

1  of Defendant subjected to the alleged unlawful wage and hour practices. Plaintiff is an

2  "aggrieved employee" because he was (and is) employed by the alleged violator and had the

3  alleged violations committed against him. Thus, he is properly suited to represent the interests of

4  other current and former aggrieved employees of Defendant who had the same violations

5  committed against them.

6          86.    The California Labor Code Private Attorneys General Act of 2004 (PAGA),

7  Labor Code section 2698 *et seq.*, grants California employees the right to bring a civil action for

8  violation of any provision of the Labor Code on behalf of themselves and other current or former

9  employees in order to recover civil penalties. In passing PAGA, the California Legislature

10  "declared that adequate financing of labor law enforcement was necessary to achieve maximum

11  compliance with state labor laws, that staffing levels for labor law enforcement agencies had

12  declined and were unlikely to keep pace with the future growth of the labor market, and that it

13  was therefore in the public interest to allow aggrieved employees, acting as private attorneys

14  general, to recover civil penalties for Labor Code violations." *Arias v. Super. Ct.*, 46 Cal. 4th

15  969, 980 (2009). Because PAGA deputizes employees to act as private attorneys general, class

16  action requirements do not apply to representative actions brought under PAGA. *Id.*

17          87.    PAGA permits an aggrieved employee to collect the civil penalty authorized by

18  law, some of which are normally collectible by the California Labor and Workforce

19  Development Agency. To address violations for which no penalty had been established, section

20  2699(f) creates a private right of action for aggrieved employees and default penalty in the

21  amount of $100 for each aggrieved employee per pay period for the initial violation, and $200

22  for each aggrieved employee per pay period for each subsequent violation. Cal. Labor Code §

23  2699(f). PAGA also permits the recovery, as a civil penalty, of any and all unpaid or underpaid

24  wages. *See, e.g., Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1145

25  (2012).

26          88.    Plaintiff hereby seeks to collect these civil penalties for the above-described

27  Labor Code violations, including: (1) the penalties provided for unpaid overtime and failure to

28  provide meal periods, authorized under Labor Code section 558; (2) the penalties provided for

21

*Plaintiff's Class Action & Representative Action
Complaint*                                          *Jesus Garcia-Muniz v Utiliquest, LLC*

1  failure to provide accurate itemized wage statements, authorized under Labor Code section

2  226.3; and (3) the penalties provided for payment of a wage less than the minimum, authorized

3  under Labor Code section 1197.1.   In addition, Plaintiff seeks to collect civil penalties for

4  violations of Labor Code Sections 226.7 and 2802, as authorized by Labor Code sections 2699(a)

5  and 2699.3.  The exact amount of the applicable penalties is unknown at this time, but an amount

6  to be shown according to proof at trial.

7        89.    California Labor Code section 2699(g) further provides that any employee who

8  prevails in an action for civil penalties is entitled to an award of reasonable attorneys' fees and

9  costs.  Plaintiff hereby seeks to recover his attorneys' fees and costs under this one-way fee and

10  cost shifting statute.

11        90.    Pursuant to Labor Code section 2699.3, Plaintiff sent notice to the Labor and

12  Workforce Development Agency, electronically through the mandated online submission, and to

13  Defendant by certified first class mail of the specific provisions of the Labor Code that have been

14  violated, including the facts and theories to support the violations.  The sixty-day time limit for

15  the agency to respond has passed.  As such, Plaintiff has exhausted his administrative and pre-

16  filing requirements.

17  **VII.    PRAYER FOR RELIEF**

18        WHEREFORE, PLAINTIFF, on behalf of himself and other similarly-situated, non-

19  exempt, aggrieved current and former employees of Defendant, prays for judgment and relief

20  against Defendant as follows:

21        1.    That this Court order certification pursuant to Section 382 of the California Code

22  of Civil Procedure;

23        2.    That this Court appoint Plaintiff as Class Representative;

24        3.    That this Court appoint Plaintiff's Counsel as Class Counsel;

25        4.    That Plaintiff and the Class members recover their unpaid minimum wages and

26  overtime wages according to proof;

27

28

*Plaintiff's Class Action & Representative Action Complaint*                                  *Jesus Garcia-Muniz v Utiliquest, LLC*

5.      That Plaintiff and the Class members be paid liquidated damages under California Labor Code §1194.2(a), in an amount equal to minimum wages unlawfully unpaid, according to proof;

6.      That Plaintiff and the Class members recover their premium wages for meal and rest periods, according to proof;

7.      That Plaintiff and the Class members receive restitution of unpaid compensation and expenses, according to proof;

8.      That Plaintiff and the Class members be paid statutory damages under California Labor Code §226 for failure to provide itemized pay statements, according to proof;

9.      That Plaintiff and the Class members collect civil penalties authorized by PAGA;

10.     That Plaintiff and the California Class be awarded interest accrued on their damages, including pre-and post-judgment interest, interest under California Labor Code sections 404, 1194,1194.2 and California Civil Code § 3287;

11.     Reasonable attorneys' fees and costs of suit pursuant to all applicable laws cited herein; and

12.     Relief described above for each Cause of Action, and such other and further relief, in law or equity, as the Court deems appropriate and just.

## VIII.    **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated and/or aggrieved, hereby demands a trial of their claims by jury, to the extent authorized by law.

Dated:  December 1, 2017

Respectfully submitted,

GALLENBERG PC

By: _Rosa V. Gallenberg_
Rosa Vigil-Gallenberg Esq
Attorneys for the Plaintiff and all other similarly-
situated and/or aggrieved current or former
employees

23

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Rosa Vigil-Gallenberg SBN 2518
Gallenberg PC
800 S Victory Blvd, Suite 203
Burbank, CA 91502

TELEPHONE NO.: (818) 237-5267        FAX NO.: (818) 330-5266
ATTORNEY FOR (Name): Plaintiff, Jesus Garcia-Muniz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles (Central District)
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**FILED**
Superior Court of California
County of Los Angeles

**DEC 01 2017**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Shamya Bolden

CASE NAME:
Jesus Garcia Muniz v. Utiliquest, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER BC 6 8 5 1 6 0 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder | | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Seven (7)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/1/2017

Rosa Vigil-Gallenberg
(TYPE OR PRINT NAME)                              ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit B, Page 34

| SHORT TITLE: Garcia Muniz v. Utiliquest, LLC, et al. | CASE NUMBER BC 6 8 5 1 6 0 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

Exhibit B, Page 35

| SHORT TITLE: Garcia Muniz v. Utiliquest, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Garcia Muniz v. Utiliquest, LLC, et al. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit B, Page 37

| SHORT TITLE: Garcia Muniz v. Utiliquest, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: South El Monte | STATE: CA | ZIP CODE: 91733 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 12/1/2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.