# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-1594 PA (SKx) | Date | February 28, 2018 |
|---|---|---|---|
| Title | Jesus Garcia Muniz v. UtiliQuest, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Renee Fisher | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on February 27, 2018, by defendant UtiliQuest, LLC ("UtiliQuest, LLC" or "Defendant"). (Docket No. 1.) Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Jesus Garcia Muniz ("Plaintiff") based on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1594 PA (SKx) | Date | February 28, 2018 |
|---|---|---|---|
| Title | Jesus Garcia Muniz v. UtiliQuest, LLC | | |

F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."); Handelsman v. Bedford Vill. Assocs., Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[A] limited liability company has the citizenship of its membership . . . ."); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Notice of Removal alleges that "[t]he 'minimal diversity' requirement is satisfied because at least one member of the putative class is a citizen of a state different from at least one defendant." (Notice of Removal ¶ 6.) Defendant seems to assert that this minimal diversity is based on the citizenships of Plaintiff and Defendant. (See id. at ¶¶ 6–10.)

To allege Plaintiff's citizenship, the Notice of Removal states that:

> Plaintiff worked in California, and resided in California during the entire time that he worked for UtiliQuest (Declaration of Neil Vocke in Support of Notice of Removal ["Vocke Dec."], ¶ 6), and there is no indication that he is a citizen of a state other than California. (Complaint ¶ 3.)

(Notice of Removal ¶ 7.) The Notice of Removal does not identify Plaintiff's citizenship, nor are the facts alleged sufficient to establish his citizenship. As an initial matter, diversity of citizenship must have existed when the Complaint was filed and when it was removed; Plaintiff's citizenship at the time of his employment with UtiliQuest, LLC, approximately one year before this action was filed, is insufficient to establish his citizenship for purposes of jurisdiction. (See Compl. ¶ 3 (stating Plaintiff was employed by UtiliQuest from September 2007 to January 2017)); Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129 (9th Cir. 2002) (in actions removed based on diversity jurisdiction, diversity of citizenship must exist when the complaint is filed and when removal is effected). In addition, an individual is not necessarily domiciled where he or she resides. Kanter, 265 F.3d at 857. Furthermore, Defendant's assertion that "there is no indication that [Plaintiff] is a citizen of a state other than California" is inadequate to affirmatively allege Plaintiff's state of citizenship. See id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). For these reasons, Defendant has failed to establish Plaintiff's citizenship.

Next, in an effort to establish its own citizenship, Defendant asserts:

> 8. At the time the Complaint was filed, and at the time of removal, UtiliQuest was and is a citizen of the State of Georgia. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1594 PA (SKx) | Date | February 28, 2018 |
|---|---|---|---|
| Title | Jesus Garcia Muniz v. UtiliQuest, LLC | | |

> business. 28 U.S.C. § 1332(c)(1). UtiliQuest is a limited liability company existing under the laws of Georgia. (Vocke Dec., ¶ 2.)
>
> 9. Further, UtiliQuest's principal place of business, at all relevant times, has been Alpharetta, Georgia, which is the location of its headquarters; the location from which its high level officers work and direct, control, and coordinate its activities; where its policies and procedures are developed; and where its corporate functions, including those relating to accounting, finance, human resources, legal, and marketing, take place. (Vocke Dec., ¶ 3.)

(Notice of Removal ¶¶ 8–9.)

     A defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). Because Defendant is an LLC rather than a corporation, its principal place of business and state of formation do not establish its citizenship. See Johnson, 437 F.3d at 899. UtiliQuest, LLC has not identified the citizenship of each of its members, and thus it has not adequately alleged its own citizenship. See Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity); Teleflora LLC v. WB Commerce, LLC, CV 15-07176 SJO (SHx), 2015 U.S. Dist. LEXIS 152828, at *2 n.2 (C.D. Cal. Nov. 10, 2015) ("[W]here the removing party is an LLC, it must allege the citizenship of each of its members in order to meet its burden of showing complete diversity of citizenship between the parties.").

     Because the Notice of Removal has not sufficiently alleged the citizenship of any party, the Court cannot determine whether diversity of citizenship exists between at least one plaintiff and one defendant. Therefore, Defendant has failed to establish minimal diversity as required for CAFA jurisdiction.

     For the foregoing reasons, Defendant has failed to meet its burden of establishing CAFA jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC685160. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.